# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

No. 479
### EDON FARMERS CO. v. PODRASKY
Ohio Appeals, 6th Dist., Williams County.
No. 129. Decided May 21, 1923.

PRACTICE—(1) Verdict not against manifest weight of evidence—(2) Proof of payment of portion of money into court not admissible—Equivalent to tender only.

KINKADE, J.:

Epitomized Opinion

This is an action to recover the sale price of a carload of onions. Plaintiff claimed that he had sold to the defendant a carload of onions at a given price, had delivered them, and defendant had refused payment. Defendant denied that he had bought the carload of onions, and contended that he took the onions on consignment and sold them pursuant to the agreement that he should do that and account to the owner of the onions for the sale price less the expense incident to making the sale. At the trial the defendant offered evidence to show that he took the onions on consignment. He also offered evidence tending to show that he purchased them upon a conditional sale, namely, upon the ability of the purchaser to procure sacks in which to ship the onions before the end of the week, which the purchaser could not do. On the other hand, the owner offered evidence to show that the sale was a completed sale at a fixed price. As the jury found for the plaintiff, the defendant prosecuted error. In sustaining the judgment of Judge F. H. Wolf, the court held:

1. That it could not be said as a matter of law that the verdict was manifestly against the weight of the evidence.

2. That no error was committed in the court's refusal to permit proof that the defendant had deposited the balance due plaintiff after they had been sold as claimed upon commission with the clerk of the court, and the tender and deposit at most were nothing more than an offer to compromise the dispute between the parties.

Attorneys—A. L. Gebhard, for Edon Farmers Cooperative Co.; Charles T. Stahl, for Posrasky.

No. 480
### BOWEN, Admr., v. KOLAR et al.
Ohio Appeals, 6th District, Williams County.
No. 128. Decided May 28, 1923.

WILLS—(1) Construction of certain provisions in will—(2) Failure of bequest for want of a legatee.

RICHARDS, J.:

Epitomized Opinion

This is an action for the purpose of obtaining a construction of the will of George Kellar. Under one of the provisions of the will the testator gave certain bonds to the "Old Folks Homes for Men in the City of Kansas City." At the time of his death the testator possessed about $30,000 worth of bonds. As the administrator was unable to locate any charity in Kansas City by that name, this action was brought. The trial judge was C. L. Newcomer, of Bryan, Ohio. Being dissatisfied with the decree of the lower court, some of the claimants prosecuted an appeal. The Court of Appeals held:

1. Under the provisions of the will the testator intended that his bonds should be for such old folks homes in Kansas City as provided homes exclusively for men.

2. That as there are no charities in Kansas City which are devoted exclusively to providing homes for old men, no one of the claimants is qualified or entitled to receive any portion of the funds; therefore the bequest must fail for want of a legatee and the property be distributed to the heirs at law.

Attorneys—A. L. Gebhard and J. D. Hill, for Bowen, Admr.; William T. Johnson, etc., for Kollar et al.